**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ERIK WYER,**

       **Plaintiff,**

**v.**                                          **CIVIL ACTION NO.: 3:22-CV-145
(GROH)**

**WILLIAM SHEPPARD,
individually and as an employee
of the Town of Ridgeley, and
THE TOWN OF RIDGELEY, WV,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER
GRANTING THE DEFENDANTS' MOTION TO DISMISS**

Currently pending before the Court is the Defendants' Motion to Dismiss. ECF No. 23. The Plaintiff filed a Response in Opposition. ECF No. 26. The Defendants filed a Reply in Support of their Motion to Dismiss, and the matter is now fully briefed and ripe for the Court's consideration. ECF No. 29.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On August 26, 2022, Erik Wyer ("Plaintiff") filed a complaint alleging six counts against the Defendants. ECF No. 1. The Defendants filed a Motion to Dismiss. Four days after filing a Response in Opposition, the Plaintiff filed a Motion seeking leave to amend his complaint. ECF No. 20. The Court granted the Plaintiff's motion [ECF No. 21] and the Plaintiff filed an amended complaint. ECF No. 22. Shortly thereafter, the Defendants again moved to dismiss. ECF No. 23. The claims in the Amended Complaint arise out of the Plaintiff's employment and termination from his position as chief of police for the town of Ridgeley, West Virginia.

According to the Amended Complaint, the Plaintiff was hired by the Defendants on September 23, 2021, to be chief of police for the town of Ridgeley. ECF No. 22 at 2. The Plaintiff states that Mayor Sheppard "interfered with, obstructed, and hindered" him from performing his duties as the chief of police. Id. at 3. The paragraphs that follow contend the Mayor ordered Plaintiff to "continuously cite a property owner for the condition of his property in order to raise funds for the town"; "unreasonably cite motorists in order to defray and [sic] the costs of a proposed building . . ."; "refrain from issuing citations to residents of Ridgeley during an election year"; but "ordered that non-Ridgeley residents be cited 'in order to bring money in.'" Id.

The Plaintiff further alleges that he "discovered that the town, the mayor, the police commissioner, members of the town council, and employees of the town were acting and engaging in unlawful practices and abusing their authority." Id. Despite receiving praise "by the members of the Town Council of Ridgeley at a town council meeting on April 12, 2022, for performing his duties in an exemplary manner," the Plaintiff's employment was terminated by the Mayor on May 6, 2022. Id. at 6–7. The Plaintiff also avers that he was improperly denied a pretermination hearing under W. Va. Code § 8-14A-3.

## II.     APPLICABLE LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, the court assumes that the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff and views the allegations in a light most favorable to the plaintiff.  Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).  Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678-79.  A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic" and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

### III.    DISCUSSION

As an initial matter, the Defendants' Reply aptly points out that the Plaintiff failed to meaningfully respond to arguments seeking the dismissal of Count Two, claims against the Town and the Mayor in his official capacity, and the request for punitive damages. Given the Plaintiff's failure to rebut these arguments, and finding they have been appropriately raised, the Court concludes summary dismissal appropriate of these claims.

    a. **Counts One through Three must be dismissed because Plaintiff was not an "Officer" as defined by the statute.**

The Defendants argue that Counts One, Two, and Three must be dismissed because the Plaintiff is not an "Officer" under W. Va. Code § 8-14A-1. Count One alleges a § 1983 violation under the Fourteenth Amendment. Count Two is for a violation of due process under the West Virginia Constitution. Count Three presents a violation of W. Va. Code § 8-14A-1 et. seq. These three counts fail as a matter of law.

"Police officer[" . . . ] means any police officer . . . of a police . . . department employed by the city or municipality, ***but shall not include*** (a) the highest ranking officer of the police . . . department[.]" W. Va. Code § 8-14A-1 (emphasis added). In the Plaintiff's Response on these counts, he offers rebuttal in response to the Defendants' argument that the Plaintiff is not an "accused officer." However, the Plaintiff never counters the argument that he was not an "officer" as defined by the statute because he was the highest ranking officer, which excludes him under W. Va. Code. § 8-14A-1(6). See Minor v. City of Stonewood, No. 13-0758, 2014 WL 1672941, at *1 (W. Va. Apr. 25, 2014) (upholding circuit court's decision finding chief of police was "no longer a policeman and, therefore, could not have been entitled to a hearing under the statute, which applies only to police officers and firefighters[,]" . . . "so the statute clearly excludes petitioner from the definition of police officer").

Because the Plaintiff was not an "Officer" as defined by the relevant statutes, Counts One through Three must fail. Further, even if the Plaintiff were an Officer, the Defendants remaining arguments for dismissal of these counts are similarly persuasive, and the Court finds dismissal would be appropriate under those theories as well.

b. **Count Four fails for two reasons: the Plaintiff was not an "Officer" and a statutory remedy is available to the Plaintiff**.

4

Turning to Count Four, the Defendants argue it must be dismissed because it is preempted by the Whistleblower Act. The Plaintiff advances similar facts in support of Counts Four and Five but relies upon different legal theories for relief. Count Four seeks relief for wrongful discharge in violation of substantial public policy while Count Five claims a violation of West Virginia's whistleblower law. Defendants also argue Count Four should be dismissed because the Plaintiff failed to identify any actionable source of substantial public policy. In response, the Plaintiff simply says there are "substantial facts" in the amended complaint to support the claim and quotes one paragraph from the Amended Complaint. Plaintiff's quoted language pertains to affording public employees with due process prior to terminating their employment as the substantial public policy.

The Plaintiff's Response only points the Court to the Amended Complaint. There is little, if any, argument. As the Court has explained, the Plaintiff, as Police Chief of Ridgeley, was not an "officer" as defined by the statute. Thus, he was not entitled to any of the statutory provisions he claims and relies upon for this Count and elsewhere in his Amended Complaint. Accordingly, Count Four fails as a matter of law because the Plaintiff was not a law enforcement officer according to the statute as explained more fully above, so he is not entitled to the relief he seeks.

Further, the Court finds Count Four should be dismissed based on an alternative theory as well: "[W]here a right not existing at common law is created by statute, and a statutory remedy for its violation is provided, the statutory remedy is exclusive and no other remedy may be pursued." Guevara v. K-Mart Corp., 629 F. Supp. 1189, 1191 (S.D. W. Va. 1986) (quoting Mahoney v. Crocker National Bank, 571 F. Supp. 287, 293 (N.D. Cal. 1983)).

### c. Defendant Sheppard is entitled to qualified immunity.

The Defendants also claim that Defendant Sheppard is entitled to qualified immunity. The Plaintiff disagrees. Courts must consider the following threshold question when determining whether a defendant is entitled to qualified immunity: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001). If the allegations do not give rise to a constitutional violation, no further inquiry is necessary. Id.  On the other hand, if a violation can be shown, then the court must determine whether the right was clearly established in the specific context of the case.  See id.

However, courts may address whether the right is clearly established first. See Pearson v. Callahan, 555 U.S. 223 (2009). The Pearson Court noted that the doctrine of qualified immunity "balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." Id. at 230.

It is without doubt that qualified immunity is designed "to spare a defendant not only unwarranted liability, but [also] unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." Id. "Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Rish v. Johnson, 131 F.3d 1092, 1094 (4th Cir. 1997). Qualified immunity exists to protect individuals in the performance

of their duties unless they are "plainly incompetent" or they "knowingly violate the law." Doe v. Broderick, 225 F.3d 440, 446 (4th Cir. 2000).

In his Response, the Plaintiff first claims that Defendant Sheppard was "not acting within the scope of his authority, [sic] when he terminated the employment of the Plaintiff with [sic] a hearing, as the laws [sic] clearly requires some sort of hearing to take place for an 'accused officer.'" ECF No. 26 at 13. The Court has explained at length that the Plaintiff was not entitled to a hearing under the relevant statute. Accordingly, this is not a valid basis to deny Defendant Sheppard qualified immunity.

The Plaintiff also refers to "illegal conduct" Defendant Sheppard allegedly solicited the Plaintiff to take part in that is "outlined in the Complaint." Id. at 14. The Court finds the Defendants' arguments on this point persuasive. The allegations Plaintiff includes in his Amended Complaint present some potentially questionable or even objectionable actions. However, questionable and objectionable actions fall short of being unlawful or running afoul of the Whistleblower Act. There are no factual allegations of abuse, misuse, destruction or loss of funds or resources.

Plaintiff amended his complaint in this action, yet it identifies no controlling authority or persuasive cases showing that Defendant Sheppard's alleged activities as mayor violated any particularized, clearly established law. The Complaint need not contain these authorities, but once the issues were raised by the Defendants in their Motion to Dismiss, the Plaintiff needs to satisfactorily defend his claims. In his Response to the Motion to Dismiss, the Plaintiff has provided no authority to undermine or dispel the Defendants' position. Simply stated, the Court finds the Amended Complaint fails to state a claim under the Act, and Defendant Sheppard, is entitled to qualified immunity.

It appears to the Court that the Plaintiff alleges vicarious liability against the Town of Ridgeley for Defendant Sheppard's alleged constitutional violations. First, these claims fail because, as the Court has explained, Defendant Sheppard did not commit any underlying constitutional violation. Nonetheless, assuming his alleged conduct violated the Constitution, the Plaintiff still fails to adequately allege a claim against the Town.

**d.   The Plaintiff failed to articulate facts to give rise to <u>Monell</u> liability.**

In paragraph 43 of the Amended Complaint, Plaintiff states, "Defendant Town of Ridgeley has municipal liability for all actions of its employees including Mayor William Sheppard in his official capacity per 42 U.S.C. § 1983 and <u>Monell</u>." ECF No. 22 at 8.

As municipal government entities, the Town cannot be held liable for the alleged actions of their employees under a theory of *Respondeat Superior*. <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978) ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Id.</u>

All § 1983 claims against municipalities have three elements: "(1) identifying the specific 'policy' or 'custom'; (2) fairly attributing the policy and fault for its creation to the municipality; and (3) finding the 'affirmative link' between [the] identified policy or custom and specific violation." <u>Spell v. McDaniel</u>, 824 F.2d 1380, 1389 (4th Cir. 1987) (citing <u>City</u>

of Oklahoma City v. Tuttle, 471 U.S. 808, 821 (1985)). When a plaintiff alleges "nothing more than a municipality's adherence to an impermissible custom," the complaint must be dismissed.  Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 403 (4th Cir. 2014).

Section "1983 complaints which on critical elements of a claim merely recite legal conclusions wholly devoid of facts may properly be dismissed for insufficiency of statement." Revene, 882 F.2d at 875 (quoting Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir. 1985)).  Further, "[a] single act of the type here alleged cannot suffice, standing alone, to establish the existence of such a policy." Id.  (citing Tuttle, 471 U.S. at 823–824 (1985)).

In this matter, the Plaintiff has failed to adequately allege the existence of a policy or custom that satisfies the requirements of pleading a plausible Monell claim. First, he has failed to identify a policy or custom on the part of the Town. Instead, the Plaintiff alleges only acts by Mayor Sheppard, not consciously adopted policies or customs from among available alternatives.  Second, he has failed to identify any other persons affected by this alleged policy, which, as noted in Revene, is insufficient. See Revene at 875. Accordingly, the Plaintiff has not met the requirements of Monell, and his vicarious liability claims against the Town must be dismissed.

## IV. CONCLUSION

For those reasons more fully stated herein, the Defendants' Motion to Dismiss is **GRANTED**. ECF No. 23. The Plaintiff's Amended Complaint [ECF No. 22] is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to remove this Civil Action from the Court's active docket and to terminate any outstanding motions.

9

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED**: January 16, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE